**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| BOBBY WHITE, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-2038 |
| ) | |
| v. ) | |
| ) | |
| KEITH ANGLIN, PAUL TALBOT, ) | |
| KATHERINE BOAN, MARY MILLER, ) | |
| MICHAEL PULSIS, and ) | |
| D. WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION

This case is before the court on Defendants Anglin, Boan, and Miller's Motion to Dismiss (#16) (hereinafter "State Defendants"). This motion does not address any claims or allegations made against, or arguments made by, Defendants Talbot, Pulsis, or Williams. On February 8, 2013, Plaintiff filed his complaint with this court pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. (#1). On June 10, 2013, Defendants Anglin, Boon, and Miller filed the present Motion to Dismiss. This court has reviewed the relevant briefs. Following this review, Defendants Anglin, Boan, and Miller are DISMISSED. Further, Plaintiff's claims for injunctive relief are DISMISSED.

### Background

Plaintiff alleges that he had been experiencing lower back pain since December 13, 2010. (#1 p.6, hereinafter"Compl."). Following a referral to radiology, Plaintff had an X-ray performed

on December 14, 2010. (Compl. exh. 1 p. 14). Dr. Malpani, who read the X-ray, diagnosed no acute bony injury, but instead noted a transitional vertebral segment at the lumbrosacral junction, with bony spurring at the L1-L2 disc space level. (Compl. exh. 1 p. 14). Plaintiff alleges that he was prescribed ibuprofen. (Compl. p. 6). Plaintiff alleges that he saw Defendant Williams on January 18, 2011. Plaintiff alleges that he submitted requests to be placed on "sick call line" on March 24, 2011, March 30, 2011, and May 26, 2011, for more ibuprofen. (Compl. ¶ 3). Plaintiff alleges that on July 28, 2011, he was transferred to Danville Correctional Center, and submitted further requests to be placed on "sick call line", but Defendant Talbot only prescribed more ibuprofen. (Compl. ¶ 4). Plaintiff alleges that made further complaints about his lower back pain and that the ibuprofen was not relieving his pain. (Compl. ¶ 5). Plaintiff alleges that he was denied surgery because it was too expensive. (*Id.*) Plaintiff then alleges that Defendant Talbot prescribed him "Robaix".[1] (Compl. ¶ 6). Plaintiff alleges that he was in severe pain, but that the State Defendants denied him surgery, and told him to have the surgery done after he was released from prison. (Compl. ¶¶ 8-9). On March 26, 2012, Dr. Austin read a second X-ray of Plaintiff's lumbar spine and noted that his previously-identified transitional vertebra showed sclerosis at the articulation of the left transverse process with the sacrum, suggesting degenerative changes, as well as degenerative changes at L1-2 and L2-3 levels with anterior osteophyte formation. (Compl. exh. 1 p. 31). Plaintiff alleges that he suffers from degenerative disc disease and that the denial of this surgery demonstrated that the State Defendants were deliberately indifferent to his serious medical needs. (Compl. ¶ 10). In his complaint, Plaintiff

---

[1] Likely should be Robaxin. *See* (Compl. exh. 1 p. 20); http://www.drugs.com/robaxin.html ("Robaxin (methocarbamol) is a muscle relaxant. It works by blocking nerve impulses (or pain sensations) that are sent to your brain. Robaxin is used together with rest and physical therapy to treat skeletal muscle conditions such as pain or injury.")

seeks "proper and effective Medical Treatment also to be awarded Damage's of the sum $500,000.00 dollars and For pain and suffering in the amount of sum $500,000.00 dollars to be compensated to me." (Compl. p. 11). The court has construed this request for monetary damages against the State Defendants in their personal capacity, and prospective injunctive relief in the form of medical treatment.

On February 8, 2013, Plaintiff filed a petition to proceed in forma pauperis. (#2). On April 9, 2013, Magistrate Judge David G. Bernthal granted the petition. On June 10, 2013, the State Defendants filed the present Motion to Dismiss.[2] (#16). Responses were due by June 27, 2013. Because Plaintiff is pro se, a notice was mailed to his address warning him that he had 14 days to respond to the motion. (#18). The notice further warned Plaintiff that failure to respond may lead to his case being terminated without a trial, and that a motion is deemed to be uncontested if no opposing brief is filed. (*Id.*) As of the date of this opinion, Plaintiff had filed no response.

## Analysis

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[2] Much of Plaintiff's action would normally have been dismissed at a merit hearing if he had been a prisoner at the time he had filed this suit. However, because Plaintiff had been on supervised release at the time he filed, such a hearing was not held. *See* 28 U.S.C. § 1915A ("The court shall review… a complaint in a civil action in which a *prisoner* seeks redress from a governmental entity….") (emphasis added). Because Plaintiff is proceeding in forma pauperis, this court also has authority to dismiss for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, *citing Twombly,* 550 U.S. at 556. Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678.

Title 42 of the United States Code, Section 1983, affords a cause of action when a person's rights, privileges, or immunities under the Constitution and laws have been deprived. 42 U.S.C. § 1983. To have individual liability under § 1983, a defendant must have been personally involved in the alleged constitutional deprivation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The State Defendants do not contest Plaintiff's claim that he had an objectively serious medical condition. (#17 p. 4).

**I. Claims for damages against the State Defendants in their individual capacities**

*Defendant Anglin*

As the State Defendants argue, Plaintiff's Complaint fails to mention Defendant Anglin, much less state an allegation that he was personally involved in Plaintiff's alleged denial of medical care. Accordingly, Plaintiff's claim against Defendant Anglin may be dismissed as Plaintiff has failed to state a claim upon which relief may be granted.

*Defendant Boan*

The only mention of Defendant Boan in Plaintiff's Complaint is the following line: "This Plaintiff submit a request to be place on sick call Line on 3-24-11, 3-30-11, 5-26-1 by defendant Boon for more I-Buprofena 600mg." (All text *sic.*) (Compl. ¶ 3). On the face of Plaintiff's Complaint, Plaintiff fails to state a constitutional deprivation. Accordingly, Plaintiff's claim against Defendant Boan may also dismissed as Plaintiff has failed to state a claim upon which relief may be granted.

*Defendant Miller*

Defendant Miller is mentioned twice in the Complaint. First, Plaintiff alleges that "[D]efendant Miller Health Care Unit Administrative was medically informed of the situation of my lower back pain and said defendant miller response by stating If This Plaintiff is in this much pain he shouldn't be going to yard or gym." (All text *sic.*) (Compl. ¶ 11.) Plaintiff further alleges that "[d]ue to the pain I'm having, this Plaintiff have not participate in any yard or gym exercising since this problem began with my lower back pain, due to the x-rays 3-23-12 revealing the disease degenerative disc-disease defendant miller appropriate action to do nothing was in violation of elementary principles established the governments obligation to provided medical care for those whom it is punishing by incarceration." (All text *sic.*) (Compl. ¶ 12.) Plaintiff's complaint contains no allegation that Defendant Miller acted or failed to act in some manner inconsistent with Plaintiff's constitutional rights. Instead, the complaint alleges that Defendant Miller offered a medical suggestion to Plaintiff upon his request to assist him in avoiding further pain. Because Plaintiff has failed to allege that Defendant Miller was personally involved in a deprivation of his constitutional rights, Plaintiff's claim against Defendant Miller

may also dismissed.

If Plaintiff wishes to file an Amended Complaint, detailing specific factual allegations against Defendants Anglin, Boan, and Miller, he is given until August 7, 2013, to do so.

**II. Claims for damages against the State Defendants in their official capacity**

The State Defendants argue that they are immune to money damages under the doctrine of sovereign immunity and the Eleventh Amendment. Plaintiff, filing pro se, does not explicitly state whether he names Defendants in their individual or official capacity; nor does he allege whether they had been acting under color of law. However, out of an abundance of caution and thoroughness, this court finds that Plaintiff may not pursue his damages claims against State Defendants in their official capacity. "[M]oney damages are not available in suits against states…and suits against state employees in their official capacity are treated as suits against the states themselves." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Accordingly, to the extent that Plaintiff makes claims against the State Defendants in their official capacity, those claims are dismissed.

**III. Claim for injunctive relief**

To the extent that Plaintiff seeks injunctive relief in the form of "proper and effective medical treatment," he is also barred by the doctrine of sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Further, "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even

though individual officials are nominal defendants." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Here, although Plaintiff has named individual defendants rather than the State itself, he seeks to impose a monetary liability on the State by making it pay for his health care. Accordingly, the State is the real party in interest, and to the extent that Plaintiff seeks prospective injunctive relief, those claims must be dismissed as well.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss (#16) is GRANTED.

(2) Plaintiff is given leave to file an Amended Complaint with factual allegations against Defendants Anglin, Boan, and Miller by August 7, 2013.

(3) Plaintiff's claims against the State Defendants in their official capacity are DISMISSED.

(4) Plaintiff's claims for injunctive relief are DISMISSED.

ENTERED this 10TH day of July, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE