UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| BOBBY WHITE, | |
| **Plaintiff,** | |
| v. | Case No.  13-cv-2038 |
| KEITH ANGLIN, PAUL TALBOT, KATHERINE BOAN, MARY MILLER, MICHAEL PULSIS, and D. WILLIAMS, | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION**

In February 2013, Plaintiff Bobby White filed a Complaint (#1) against Defendants Keith Anglin, Paul Talbot, Katherine Boan, Mary Miller, Michael Pulsis, and D. Williams, alleging deliberate indifference to Plaintiff's serious medical needs.  Jurisdiction is based on federal question, 28 U.S.C. § 1331, because Plaintiff has alleged that Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983.  In August 2013, Defendant Paul Talbot filed a Motion To Dismiss Plaintiff's Complaint (#26).  Plaintiff has not responded.  After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Talbot's Motion To Dismiss Plaintiff's Complaint **(#26)** be **GRANTED**.

**I.  Background**

Plaintiff's claim is based on allegations that he experienced severe back pain while he was incarcerated, he was told that he needed surgery, and he was told that he could not have surgery during his incarceration "because it would cost the state to[o] much money" (#1, ¶ 5). The complaint includes several statements about Defendant Talbot.  In paragraph 4, Plaintiff alleges that Defendant Talbot prescribed ibuprofen for Plaintiff's lower back pain on September 14, 2011.  In paragraph 6, Plaintiff alleges that Defendant Talbot gave Plaintiff prescriptions for

two weeks of another drug ("Robaix") on March 20, 2012, and April 20, 2012.  In paragraph 8, Plaintiff alleges that he continued to complain of extreme pain and Defendants Talbot and Williams told him that he needed surgery.

The Court previously granted a motion to dismiss by Defendants Anglin, Boan, and Miller (Opinion, #22), on the grounds that the complaint failed to allege that Anglin and Miller were personally involved in the alleged denial of medical care and failed to allege any conduct by Boan that deprived Plaintiff of his constitutional rights.  The Court granted Plaintiff leave to file an amended complaint by August 7, 2013.  Plaintiff has not filed an amended complaint.

## II.  Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

Section 1983, 42 U.S.C. § 1983, provides a cause of action when a person has been deprived of his rights under the Constitution and laws of the United States.  Section 1983 lawsuits against individuals require personal involvement in the alleged deprivation to support a viable claims.  *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003).  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citation omitted).

Like any complaint, a complaint prepared by a *pro se* litigant may be dismissed for failure to state a claim. However, in determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Calhoun v. Detella*, 319 F.3d 936, 943 (7th Cir. 2003). Therefore, the Court should "give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). The Court need not, however, credit "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981) (noting that a *pro se* plaintiff's conclusory allegations that are unsupported by factual assertions will not withstand a motion to dismiss).

### III.  Discussion

Defendant Talbot argues that Plaintiff has failed to allege that Talbot was personally involved in denying Plaintiff medical treatment. The Court agrees. Regarding Talbot, Plaintiff alleges only that Talbot gave him pain medication for his back pain and, along with Williams, told Plaintiff that he needed surgery. These allegations indicate that Defendant Talbot was treating Plaintiff for his back pain and recommended surgery during the course of the treatment. Although Plaintiff alleges that he "was told" that he could not have surgery while incarcerated "because it would cost the state to[o] much money" (#1, ¶ 5) and "was told" to wait until he was released from prison to have surgery done (#1, ¶ 9), Plaintiff has not identified who made those statements.

Because Plaintiff has failed to satisfy the requirements for pleading a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983, the Court recommends granting Defendant Talbot's motion to dismiss. However, the Court recommends allowing Plaintiff leave to file an amended complaint. *See Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (stating that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim).

3

## IV.  Summary

For the reasons explained above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Talbot's Motion To Dismiss Plaintiff's Complaint **(#26)** be **GRANTED**  and that Plaintiff be allowed to amend his complaint.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to file an objection with the district court will constitute a waiver of objections on appeal.  *United States v. Hernandez-Rivas,* 79 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 4th day of October, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

4