UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

BOBBY WHITE,

      Plaintiff,

v.                                                                                    Case No.  13-cv-2038

KEITH ANGLIN, PAUL TALBOT,
KATHERINE BOAN, MARY MILLER,
MICHAEL PUISIS, and D. WILLIAMS,

      Defendants.

**REPORT AND RECOMMENDATION**

    In February 2013, Plaintiff Bobby White filed a Complaint (#1) against Defendants Keith Anglin, Paul Talbot, Katherine Boan, Mary Miller, Michael Puisis, and D. Williams, alleging deliberate indifference to Plaintiff's serious medical needs.  Jurisdiction is based on federal question under 28 U.S.C. § 1331 because Plaintiff has alleged that Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983.  In October 2013, Defendant Michael Puisis filed a Motion To Dismiss the Complaint (#32).  Plaintiff has not responded.  After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Puisis's Motion To Dismiss the Complaint **(#32)** be **GRANTED**.

**I.  Background**

    Plaintiff alleges that Defendant Puisis was, at revelant times, the Medical Director for the Illinois Department of Corrections Medical Department.  Plaintiff's deliberate indifference claim is based on allegations that he experienced severe back pain while he was incarcerated, he was told that he needed surgery, and he was told that he could not have surgery during his incarceration "because it would cost the state to[o] much money" (#1, ¶ 5).  The only allegation that refers to Defendant Puisis is Paragraph 10, which alleges that Defendant's policies for

medical treatment are improper and inadequate and constitute cruel and unusual punishment and wanton infliction of unnecessary pain.

The Court previously dismissed Defendants Anglin, Boan, and Miller (Opinion, #22), on the grounds that the complaint failed to allege that Anglin and Miller were personally involved in the alleged denial of medical care and failed to allege any conduct by Boan that deprived Plaintiff of his constitutional rights. The Court granted Plaintiff leave to file an amended complaint by August 7, 2013. The Court has also dismissed the claims against Defendant Talbot (Order, #36), with leave to file an amended complaint. Plaintiff has not filed an amended complaint.

## II.  Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges whether the complaint adequately states a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation and internal quotation marks omitted).

Section 1983 provides a cause of action when a person has been deprived of his rights under the Constitution and laws of the United States. 42 U.S.C. § 1983. Section 1983 lawsuits against individuals require personal involvement in the alleged deprivation to support a viable claim. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citation omitted).

Like any complaint, a complaint prepared by a *pro se* litigant may be dismissed for failure to state a claim. However, in determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Calhoun v. Detella*, 319 F.3d 936, 943 (7th Cir. 2003). Therefore, the Court should "give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). The Court need not, however, credit "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981) (noting that a *pro se* plaintiff's conclusory allegations that are unsupported by factual assertions will not withstand a motion to dismiss).

### III. Discussion

Defendant Puisis assumes that Plaintiff has alleged a claim against him in both his individual capacity and his official capacity.[1] He argues that Plaintiff has failed to state a claim against him in his individual capacity because the complaint does not allege that Defendant was personally involved in the violation of Plaintiff's constitutional rights. As to any potential official capacity claim, Defendant argues that the Court lacks subject matter jurisdiction and the claim is barred by the doctrine of sovereign immunity and the Eleventh Amendment.

As noted above, to be held liable in a Section 1983 action, an individual must have personally caused or participated in the alleged constitutional deprivation. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Here, Plaintiff alleged only that Defendant's policies regarding medical treatment were improper and inadequate. This statement fails to allege that Defendant Puisis was personally involved in denying Plaintiff medical treatment or, in fact, that he was even aware of Plaintiff's medical condition. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (stating that to establish a claim of deliberate indifference, a plaintiff must plead that the defendant was deliberately indifferent to an objectively serious medical condition). Accordingly, Plaintiff has failed to state a claim against Puisis in his individual capacity.

---

[1] The terms "official capacity" and "individual capacity" refer to the capacity in which a party is sued, not the capacity in which he inflicted the alleged injury. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

An official capacity suit is simply another way of pleading an action against the entity of which an employee is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1978). Therefore, the real party in interest in this case is the Illinois Department of Corrections. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court recommends dismissing Plaintiff's claim against Defendant Puisis in his official capacity.

Because Plaintiff has failed to state a claim against Defendant Puisis in either his individual capacity or his official capacity pursuant to 42 U.S.C. § 1983, the Court recommends granting the motion to dismiss. The Court also recommends allowing Plaintiff to file an amended complaint against Defendant in his individual capacity. *See Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (stating that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim).

### IV. Summary

For the reasons explained above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Puisis's Motion To Dismiss the Complaint **(#32)** be **GRANTED** and that Plaintiff be allowed to amend his complaint within fourteen (14) days of the day an order is filed on this Report and Recommendation.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to file an objection with the district court will constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas,* 79 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 16th day of December, 2013.

                                                                        s/DAVID G. BERNTHAL
                                                            UNITED STATES MAGISTRATE JUDGE